IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JAMES CLARK HENDERSON, | : | |
| Petitioner | : | |
| VS. | : | |
| Sheriff CHRIS HOUSTON, | : | CIVIL ACTION NO.: 3:11-CV-161 (CAR) |
| Respondent | : | |

### ORDER

Petitioner **JAMES CLARK HENDERSON**, a pretrial detainee at the Oconee County Jail in Watkinsville, Georgia, has filed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." Although Petitioner has used the form for a § 2254 petition, he is a pretrial detainee and, as such, must seek habeas relief pursuant to 28 U.S.C. § 2241. *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004) (habeas application filed by a pretrial detainee is "'governed by § 2241 only'"); *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pretrial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). Therefore, the Court construes this action as brought pursuant to 28 U.S.C. § 2241.

Petitioner has paid the $5.00 filing fee.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

According to his submissions, Petitioner was arrested on November 20, 2009 by Putnam and Green Counties. Plaintiff alleges that Putnam County took custody of him

and apparently set a cash bond of $50,000.  Plaintiff states that on August 13, 2010, he was taken to Greene County Jail and charged with one count of entering an auto and three counts of burglary.  Plaintiff states that the Greene County Magistrate Judge refused to set a bond on August 13, 2010 and informed Plaintiff that "the Superior Court would set [his] bond."  (ECF 1 at 6).  Plaintiff complains that "the Superior Court of Greene County [has] failed to schedule . . . a bond hearing."  (ECF 1 at 6).  Plaintiff also complains that he has been denied due process because "the State has continued [his] case six times because they want Putnam County to prosecute [him] first even though the Greene Co[unty] case is not dependent upon the Putnam Co[unty] case."  (ECF 1 at 6-7).  Petitioner asks this Court to set "reasonable bond for [the] listed charges."  (ECF 1 at 15).

## II. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4")1  provides in relevant part:

> The original [habeas corpus] petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business.  The petition shall be examined promptly by the judge to whom it is assigned.  If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

---

1  Rule 4 may, pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, be applied to cases brought pursuant to 28 U.S.C. § 2241. Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. § 2241 is appropriate when the petition "plainly reveals that relief is not warranted." *Ugwu v. Holder*, No. 1:10-CV-03152, 2010 U.S. Dist. LEXIS 137438 at *1-2 (N. D. Ga. Nov. 29, 2010).

Upon initial review, it clearly appears from the face of the petition "that the [P]etitioner is not entitled to relief in the district court" because he has not exhausted state remedies available to him. According to Petitioner's submissions, he has not yet presented his claims to the appropriate state court.

It has been well-settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citing *Ex Parte Royall*, 117 U.S. 24l (1886)); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-92, (1973) (exhaustion is necessary under § 2241 as well as § 2254); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of section 2241 is that petitioners must first exhaust their state court remedies."). This exhaustion requirement has been codified in 28 U.S.C. § 2254 (b)-(c) and reflects a policy of comity between state and federal courts and is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (quoting *Fay v. Noia*, 372 U.S. 391, 438 (1963)). Moreover, "[a] state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the state, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3). The State of Georgia has a stated policy of <u>not</u> waiving exhaustion.

In this case, Plaintiff can file a motion for bond pursuant to O.C.G.A. § 17-6-1. Should the trial court refuse to set bond, Petitioner can file an interlocutory appeal following the procedure set out in O.C.G.A. § 5-6-34(b). *Howard v. State*, 194 Ga. App. 857 (1990).

Additionally, it appears that state habeas relief is also available to Petitioner. The law in Georgia provides that "[a]ny person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a); *See also Fields v. Tankersley*, 487 F. Supp 1389 (S. D. Ga. 1980) (explaining that the remedy of state habeas corpus is a proper means with which to address a trial judge's exercise of discretion in setting or denying bail); *Banks v. Waldrop*, 272 Ga. 475 (2000) (explaining that the trial court has authority to consider a habeas corpus review of the defendant's contentions that he was illegally denied bail by another judge in the circuit); *Mobley v. Jackson*, No. 1:09-CV-2265-TWT-RGV, 2009 U. S. Dist. LEXIS 96780 at *6 (N. D. Ga. Sept. 17, 2009) (prisoner sought to have district court order the state superior court to set a reasonable bond, district court held that "[i]n Georgia, pre-trial detainees may challenge their custody by filing either a pre-trial habeas or a mandamus" and "may move to reduce bail and pursue a pre-trial interlocutory appeal of the bail decision").

Finally, to the extent that Petitioner seeks to have this Court interfere in his state criminal proceedings, the Court must decline to do so. Absent "extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court. *Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).  If the relief sought "would create an undue interference with state [criminal] proceedings," it is generally prohibited by the *Younger* doctrine.  *Green v. Jefferson County Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009).   There are three exceptions to the *Younger* doctrine:   "(1) there is

evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004). However, Petitioner's filing does not allege facts that support a finding that this case falls into one of the three exceptions to the *Younger* doctrine. Therefore, the *Younger* abstention doctrine applies and this Court cannot interfere in Petitioner's ongoing state criminal proceedings.

### III. CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS*

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

"A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1). To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claim and (2) the procedural issues he seeks to raise. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Petitioner has not made such a showing.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis.*

Accordingly, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED**, this 3rd day of November, 2011.

S/   C. Ashley Royal<br>C. ASHLEY ROYAL, JUDGE<br>UNITED STATES DISTRICT COURT

lnb